## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Eden, Hannon & Co. et al.

v.

Boothe, Prichard & Dudley

### Case No. (Law) 10241

By JUDGE ALFRED D. SWERSKY

September 30, 1986

The matter is before the Court on Plaintiff's objection to producing the tax returns of the individual partners and for the corporate and partnership returns for the years 1981 to 1985. Plaintiff has agreed to furnish the partnership returns for 1984 and 1985 but objects to the balance of the request. The objection must be sustained in part.

The corporate and partnership returns requested for the years 1981 to 1985 must be produced. Since a claim is presented for a lost tax credit, an analysis of prior returns by the Defendant should be permitted to determine the validity of Plaintiff's claim to this item of damage. A protective order should be entered restricting the dissemination of these items. If counsel can not agree on the appropriate language, a conference call should be arranged.

The request for the individual partners tax returns is denied without prejudice to its renewal after analysis of the partnership returns and upon a showing that the individual returns are necessary to an analysis of the claim of the loss of the tax credit.

December 1, 1986

This matter is before the Court on Defendant's motion to compel the production of certain discovery, including, but not limited to, any and all documents which Plaintiffs have received from any attorney, including present counsel, which relate to the issue of mitigation of damages and/or the rescission of the contract for the purchase of the property in question, and any and all documents received from counsel other than Defendant regarding the valuation or damages, which were received while Plaintiffs were represented by the Defendants. Plaintiffs claim that the disclosure of such materials would violate the attorney-client privilege. No other privilege is asserted on behalf of the Plaintiffs.

While the requests as set forth are broad in scope, Defendants have, in their memorandum, apparently limited the request to items consisting of advice from other counsel received contemporaneous with the advice from Defendant which dealt with a recommendation to exercise or not exercise the option agreement. Further limitations appear in the memorandum as to the claim for documents regarding mitigation of damages in that they appear to be limited to the question of whether or not any legal fees which Plaintiffs claim as an item of damage relate to their attempt to sell the property or utilize it for "some financially remunerative purpose." Further, Defendant's counsel, at the time the motion was argued, indicated that they were seeking documents indicating that counsel, other than Defendants, had perhaps advised Plaintiffs not to sell the property at the present time because their damages would be greater if they held the property and filed suit. Defendants have further suggested an *in camera* inspection by the Court.

While Virginia has not been called upon to decide the precise issue in this case, namely, the question of the protection afforded advice of counsel given to clients rather than the usual situation where an attorney is called upon to disclose a communication made by the client, the cases in Virginia on the extent of the privilege refer generally to communications "between" attorney and client as being protected by the privilege. See *Grant v. Harris*, 116 Va. 642 (1914). Other authorities indicate that the communication of advice by an attorney to his

client may be protected but in a somewhat more limited manner than the communication from client to attorney. *See* C.J.S., *Witnesses*, par. 276 at p. 785. The protection seems to be limited to those communications from the attorney which are based upon and would tend to reveal confidences communicated to the attorney by the client. Plaintiffs, having asserted the privilege, bear the burden of proving that the privilege applies to the documents in question. Therefore, the Court will direct Plaintiff to turn over the documents requested, limited to contemporaneous advice from other counsel as to the exercise of the option; legal fees relating to attempts to sell or use the property; and advice from other counsel regarding the retention of the building and thereby increasing their damages.

If Plaintiff claims that any specific document would tend to reveal a confidence communicated from Plaintiff to counsel, then that document should be filed only with the Court and under seal pending a further hearing on Plaintiff's assertion of the privilege. Counsel should confer and agree on the manner of production.